IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL ASAMOAH,**

    **Plaintiff,**

    v.

    Case No. 2:20-cv-3305
    Chief Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**AMAZON.COM SERVICES, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Recoup Costs and Attorneys' Fees Associated with Defendant's Motion to Compel. (ECF No. 57.) The Motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court lowers the requested fees of $17,445.50 by $4,361.37, for a total award of **$13,084.13**. Plaintiff is hereby **ORDERED** to pay this award within **THIRTY (30) DAYS** of this Opinion and Order.

**I.**

On June 30, 2020, Plaintiff filed this action, alleging Title VII employment discrimination against Defendant Amazon.com Services, Inc.[1] (ECF No. 1.)[2] On March 31,

---

[1] Defendant maintains that it is incorrectly named in the Complaint as Amazon.com Services, Inc., and that it should have been named as Amazon.com Services LLC. (*See, e.g.,* ECF No. 58.) For ease of reference, the Court will refer to Defendant as "Amazon."

[2] As observed by Amazon, Plaintiff has filed several other lawsuits in this Court in recent years. (*See* ECF No. 58 at PAGEID # 400, n.1.) While the Court takes judicial notice of the fact that Plaintiff has been sanctioned in at least one of these other actions, *see Asamoah v. Capstone Logistics, LLC,* No. 2:19-CV-5292, 2021 WL 422688 (S.D. Ohio Feb. 8, 2021), the Court's analysis herein is limited to the facts and circumstances of this action, and the Court's reliance on any of Plaintiff's other cases is limited to their legal precedential value.

2021, Amazon filed a Motion to Compel, seeking to compel Plaintiff to serve his initial disclosures and responses and all responsive documents to Amazon's discovery requests. (ECF No. 51.) After Plaintiff originally missed his deadline to respond to the Motion to Compel, the Court granted Plaintiff an additional period of time to respond. (ECF No. 53.) Plaintiff then responded to the Motion to Compel on May 10, 2021, and Amazon filed a Reply brief on May 24, 2021. (ECF Nos. 54, 55.)

On May 25, 2021, the Court granted Amazon's Motion to Compel. (ECF No. 56.) The Court directed Plaintiff to serve his initial disclosures and responses and all responsive documents to Amazon's discovery requests by June 4, 2021, and warned Plaintiff that failure to cooperate in discovery would result in sanctions, possibly including but not limited to dismissal. (*Id.*) The Court also granted Amazon leave to file a Motion to recoup its costs and attorneys' fees associated with preparing and presenting the Motion to Compel. (*Id.*) On June 8, 2021, Amazon timely filed its Motion to Recoup Costs and Attorneys' Fees Associated with Defendant's Motion to Compel. (ECF No. 57.) Plaintiff never responded to Amazon's Motion, so the issue is ripe for judicial review.

**II.**

"It is well settled that the 'lodestar' approach is the proper method" when determining reasonable attorneys' fees. *Barrett v. Green Tree Serv.*, 214 F. Supp. 3d 670, 674 (S.D. Ohio 2016) (quoting *Bldg. Serv. Local 47 Cleaning Conts. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995)). The lodestar approach considers "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). While there is a "strong presumption" that this lodestar figure represents a reasonable fee, *Ousley v. Gen. Motors Ret. Program for Salaried Emp.*, 496

F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Hensley*, 46 U.S. at 433), the movant bears the burden of proving that the number of hours expended and the rates claimed were reasonable, *Wilson v. Bridge Overlay Sys., Inc.*, No. 2:14-CV-156, 2016 WL 164056, at *1 (S.D. Ohio Jan. 14, 2016) (citing *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).

District courts have discretion "to adjust the [lodestar figure] upward or downward." *Hensley*, 461 U.S. at 434; *see also Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) ("Once the lodestar figure is established, the trial court is permitted to consider other factors, and to adjust the award upward or downward to achieve a reasonable result.") (citation omitted). Where the Court lowers the award, it "should state with some particularity which of the claimed hours [it] is rejecting, which it is accepting, and why." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citation omitted).

**III.**

Amazon seeks $17,445.50 in attorneys' fees for a total of 42.6 hours expended by three of their attorneys, from the law firm of Morgan Lewis & Bockius LLP ("Morgan Lewis"), located in Chicago, Illinois and Pittsburgh, Pennsylvania. (*See generally* ECF No. 57-1.) Amazon argues that these fees are reasonable, even with out-of-town rates, because "Morgan Lewis represents Amazon nationwide, including in various matters in Ohio state and federal court, and is thoroughly familiar with its business and processes." (*Id.* at PAGEID # 402.) Amazon also argues that these fees are reasonable given the attorneys' skill, experience, expertise in employment litigation, and Amazon knowledge. (*Id.* at PAGEID ## 402-403.) Finally, Amazon argues that the hours expended attempting to confer with Plaintiff, drafting the Motion to Compel briefing, and drafting the subject Motion were reasonable. (*Id.* at PAGEID ## 403-404.)

3

Plaintiff did not respond to the Motion. The matter is thus ripe for review, and the Court will address Amazon's arguments in turn.

**A.      Out-of-Town Rate**

The Court of Appeals for the Sixth Circuit has acknowledged that counsel from outside the venue of the court of record "may be entitled to claim the rate of an 'out-of-town specialist.'" *Carty v. Metro. Life Ins. Co.*, No. 3:15-cv-01186, 2017 WL 660680, at *6 (M.D. Tenn. Feb. 17, 2017) (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). In evaluating such a request, a court must determine "(1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix*, 65 F.3d at 535 (citing *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768-69 (7th Cir. 1982) (noting that a court "has discretion to question the reasonableness of an out of town attorney's billing rate")). Amazon bears the burden of "showing that it was necessary to resort to an out-of-town specialist." *Harkless v. Husted*, No. 1:06-cv- 02284, 2011 WL 2149179, at *13 (N.D. Ohio Mar. 31, 2011).

Amazon contends that because "Morgan Lewis represents Amazon nationwide, including in various matters in Ohio state and federal court, and is thoroughly familiar with its business and processes . . . it was reasonable for Amazon to hire Morgan Lewis to defend this case." (ECF No. 58 at PAGEID # 402.) In support, Amazon attaches the Declaration of its trial attorney Stephanie L. Sweitzer. (ECF No. 58-1.) Attorney Sweitzer, a partner of Morgan Lewis, confirms that two associates, Andrew J. Barber and Danielle A. Maldonado, also represent Amazon in this action and attests that "[t]he fees that Morgan Lewis charged on this case were no more than usual and customary fees charged by attorneys of similar experience and ability in the Northern District of Illinois and Western District of Pennsylvania." (*Id.* at ¶¶ 5-6.) Attorney

4

Sweitzer also attached billing records which confirm that her hourly rate is $635.00, Attorney Barber's hourly rate is $490.00, and Attorney Maldonado's hourly rate is $330.00. (*Id.* at PAGEID ## 411-414, 432, 440.)

In determining whether an out-of-town rate is appropriate, "the record should contain evidence that counsel made an 'attempt to investigate the availability of competent counsel in the local market.'" *Harkless*, 2011 WL 2149179, at *13 (quoting *Hadix*, 65 F.3d at 535). The measuring standard is good faith. *U.S. ex rel. Trakhter v. Prov. Serv., Inc.*, No. 1:11-cv-217, 2019 WL 2422422, at *3 (S.D. Ohio June 10, 2019) (finding defendants had not made a "good-faith effort to identify local counsel" where they consulted only one other Ohio firm before retaining out-of-town counsel).

Here, nothing in the record indicates that Amazon made any attempt, good faith or otherwise, to investigate the availability of competent counsel in the local market. *See Hadix*, 65 F.3d at 535 (refusing to apply an out-of-town rate where "the record [was] devoid of any suggestion that local counsel made any attempt to investigate the availability of competent counsel in the local market . . . [and where] petitioner[']s [only] justif[ication] [was] pointing to her nationally recognized expertise [and] her familiarity with the case"); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added) (finding that all fee applicants must produce "satisfactory evidence . . . *in addition to* the attorney's own affidavits" that their requested rates are reasonable). Rather, Attorney Sweitzer merely states that the attorneys' rates are reasonable for the federal districts in which they typically practice. (*See* ECF No. 58-1 at ¶ 6 ("The fees that Morgan Lewis charged on this case were no more than usual and customary fees charged by attorneys of similar experience and ability *in the Northern District of Illinois and Western District of Pennsylvania*.") (emphasis added).)

Without any suggestion that Amazon investigated the availability of competent counsel in the local market, Amazon has not establish the first prong of the test set forth in *Hadix*. Put another way, Amazon has not demonstrated that hiring an out-of-state specialist in the first instance was reasonable. *See Harkless*, 2011 WL 2149179, at *15. Accordingly, the Court must rely on its own experience and relevant caselaw to determine a reasonable hourly rate. *Asamoah v. Capstone Logistics, LLC*, No. 2:19-CV-5292, 2021 WL 422688, at *3 (S.D. Ohio Feb. 8, 2021).

**B.     Hourly Rate**

In determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of *comparable skill and experience* can reasonably expect to command within the venue of the court of record." *Geier*, 372 F.3d at 791 (emphasis added) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). Specifically, regarding a request for attorneys' fees, "the primary concern is that the fee awarded be 'reasonable.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999)). "A reasonable fee is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Id.* (quoting *Geier*, 372 F.3d at 791). As the Sixth Circuit has explained, "[a] district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011) (citations omitted).

Amazon's lawyers' hourly rates, between $330 and $635, are above the rates this Court generally approves in discrimination cases. *See, e.g. McCarthy v. Ameritech Pub., Inc.*, 289 F.R.D. 258, 263 (S.D. Ohio 2013), *aff'd in part and rev'd in part by McCarthy v. Ameritech*, 763

6

F.3d 488 (6th Cir. 2014) (approving hourly rates ranging from $200 to $280 in an age discrimination case); *Stanich v. Hissong Grp. Inc.*, No. 2:09-cv-0143, 2010 WL 3732129, at *12 (S.D. Ohio Sept. 20, 2010) (finding that "$200 is a reasonable hourly rate for a lead attorney on an employment discrimination case") (citation omitted); *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio July 30, 2008) (approving hourly rates ranging from $250 to $265 in an employment discrimination case). Also relevant is the Ohio State Bar Association's ("OSBA") 2019 Economics of Law Practice in Ohio Survey. *See Burgess v. Powers*, No. 1:05-cv-089, 2006 WL 8441744, at *4 (S.D. Ohio Dec. 22, 2006) (relying upon OSBA's 2004 Economics of Law Practice in Ohio survey to define a reasonable hourly rate in the legal community). According to that survey, the mean hourly billing rate for an Ohio employment lawyer in 2019 was $279, while the mean hourly billing rate for Ohio attorneys generally was $250. *Asamoah*, 2021 WL 422688, at *3 (citing *The Econ. of Law Practice in Ohio in 2019*, Ohio State Bar Association at 44–45).

Upon consideration of relevant caselaw, the OSBA survey, and its own knowledge and experience, the Court finds that an across-the-board reduction of 25% to all hourly rates is appropriate. *See Asamoah*, 2021 WL 422688 (reducing hourly rates between $335 and $520 by 25% for Motion to Compel-related briefing involving the same Plaintiff) (citing *Morse v. Specialized Loan Serv.*, No. 2:16-cv-689, 2018 WL 1725693, at *3 (S.D. Ohio Jan. 25, 2018) (citing *Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2017 WL 2821706, at *5 (S.D. Ohio June 30, 2017) (recommending an across-the-board reduction of 20% in all hourly rates when plaintiff's hourly rates requested were unreasonable)). Such reduction effectively takes Attorney Maldonado's hourly rate to $247.50, Attorney Barber's hourly rate to $367.50, and Attorney Sweitzer's hourly rate to $476.25. These adjusted rates are all at, or significantly above, the rates

7

this Court typically is comfortable approving. Nevertheless, the Court finds that such rates are reasonable in this case.

**C.      Hours Expended**

Next, the Court must determine whether the number of hours expended is reasonable. *Asamoah*, 2021 WL 422688 at *4 (citing *Satgunam v. Basson*, No. 1:12-CV-220, 2017 WL 3634014, at *4 (W.D. Mich. Aug. 24, 2017)). Although courts must exclude from the lodestar calculation hours that were not reasonably expended, "[c]ourts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection.'" *Szeinbach*, 2017 WL 2821706, at *2 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Rather, courts must simply do "rough justice." *Id.* (quoting *Fox*, 563 U.S. at 838).

Defendants seek fees and expenses for time attempting to confer with Plaintiff regarding the discovery deficiencies, time related to Amazon's Motion to Compel, and time preparing the subject Motion. (ECF No. 58 at PAGEID ## 403-404.) Specifically, Amazon's lawyers spent the following amount of time on these issues:

- Attorney Maldonado (24.6 total hours): "13.2 hours on tasks related to Amazon's Motion to Compel, including but not limited to, researching, drafting, revising and preparing for filing the Reply in Support of the Motion to Compel," plus "11.4 hours researching, drafting, editing, and preparing [the Motion to Recoup Fees] and conferring with Amazon's counsel." (*Id.*)

- Attorney Barber (14.5 total hours): "10.8 hours on tasks related to Amazon's Motion to Compel, including but not limited to, attempting to confer with Plaintiff regarding the discovery deficiencies and drafting the Motion to Compel," plus "3.7 hours revising the [Motion to Recoup Fees] and conferring with Amazon's counsel." (*Id.*)

- Attorney Sweitzer (3.5 total hours): "2.2 hours on tasks related to Amazon's Motion to Compel, including, but not limited to, developing strategy for and revising the Motion to Compel and Reply in Support of the Motion to Compel," plus "1.3 [hours] developing strategy and revising the [Motion to Recoup Fees]." (*Id.*)

In sum, Amazon's lawyers spent 26.2 hours on the Motion to Compel, and 16.4 hours on the Motion to Recoup Fees, for a total of 42.6 hours. (*Id.*; *see also* ECF No. 58-1 at PAGEID ## 411-414.) "Reviewing the hours expended on the litigation, the Court [] finds that the attorneys' time is supported by detailed descriptions of the attorneys' effort, and appear to this Court to be time reasonably expended in the matter." *Carroll v. United Compucred Collections, Inc.*, No. 1:99- 00152, 2008 WL 3001595, at *4 (M.D. Tenn. July 31, 2008); *see also Stryker Corp. v. Ridgeway*, Nos. 1:13–cv–1066–RHB, 1:14–cv–0889–RHB, 2015 WL 3969816, at *6 (W.D. Mich. June 30, 2015) (finding the following hours expended reasonable: 8 hours related to the meet and confer requirement; 17.6 hours drafting the motion to compel; and 13 hours preparing the fee application).

## IV.

For these reasons, the Court **REDUCES** the requested fees of $17,445.50 by $4,361.37 in light of the appropriate local hourly rate. Accordingly, the Defendant's Motion to Recoup Costs and Attorneys' Fees Associated with Defendant's Motion to Compel, ECF No. 57, is **GRANTED IN PART** and **DENIED IN PART**, for a total award of **$13,084.13** in attorneys' fees. Plaintiff is hereby **ORDERED** to pay this amount within **THIRTY (30) DAYS** of the date of this Opinion and Order.

**IT IS SO ORDERED.**

Date: July 13, 2021  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**