# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL ASAMOAH,** : | |
| : | Case No. 2:20-cv-3305 |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Elizabeth P. Deavers** |
| **AMAZON.COM SERVICES, INC.,**[1] : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on three outstanding motions: (1) a Motion to Certify Order for Interlocutory Appeal by Plaintiff Michael Asamoah (ECF No. 35); (2) a Motion to Certify Order for Interlocutory Appeal for Counts Three, Four, Fix, Six, and Seven by Mr. Asamoah (ECF No. 37); and (3) a Motion to Remand by Mr. Asamoah (ECF No. 44). For the following reasons, the Court **DENIES** both motions to certify interlocutory appeal and **DENIES** the motion to remand.

## II. BACKGROUND

### A. Facts

Michael Asamoah is African American and a former Fulfillment Associate for Amazon. He worked for Amazon from December 4, 2018 until March 15, 2019. Per his employment agreement with Amazon, Mr. Asamoah was an at-will employee, and he received an allotment of

---

[1] Defendant's proper name is Amazon.com Services LLC.

1

Unpaid Personal Time ("UPT") to cover time off work for any reason. During his employment, Amazon rewarded Mr. Asamoah for his work through bonuses and gift cards. Mr. Asamoah did not miss any days of work prior to early March 2019, and he had never used any of his UPT.

On March 9, 2019, Mr. Asamoah became sick and went to the doctor, who told him not to go to work for "several days." (ECF No. 1 at 8). He called Amazon's Human Resources office to notify them he was sick, and he was instructed to bring a doctor's note with him when he returned to work. Mr. Asamoah then reported to his next scheduled shift on March 15. Upon his return, he presented his doctor's note to his new manager, Dalton Ferrell. Mr. Ferrell allegedly refused to accept the note and instead informed Mr. Asamoah that he had already been terminated. During that interaction, Mr. Ferrell also made remarks that Mr. Asamoah perceived to be racist and discriminatory against his national origin. Mr. Asamoah complained to Mr. Ferrell's boss about Mr. Ferrell's "refusal to accept and honor the valid doctor's note." (*Id.* at 11). He also reported the incident to Amazon's Human Resources department, who told Mr. Asamoah that Mr. Ferrell's decision to terminate him did not comport with Company procedures.

Mr. Asamoah filed a charge of discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission the next day, on March 20, 2019. In the Charge, he alleged he was the victim of race and national origin discrimination in violation of Title VII. Mr. Asamoah submitted that he was not given a reason for his termination, but that he believed it occurred because of his "race, Black" and because he was "perceived to be of an African Ancestry because of [his] last name." (ECF No. 23-3). He made no other claims of discrimination in the Charge.

2

## B. Procedural History

Mr. Asamoah received a Right to Sue letter from the EEOC on April 1, 2020. (ECF No. 1). He then filed two cases, one in federal court and one in state court.

He filed the case sub judice first, on June 30, 2020, and asserted seven causes of action: unlawful race discrimination (Count One) and unlawful national origin discrimination (Count Two), in violation of Title VII of the Civil Rights Act of 1964; unlawful age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (Count Three); unlawful disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA") (Count Four); and unlawful retaliation, in violation of Title VII (Count Five). He also alleges state law violations for breach of implied contract (Count Six) and intentional infliction of emotional distress (Count Seven).

On July 24, 2020, Amazon timely moved for additional time to file its Answer. (ECF No. 10). The Court granted this request, extending the deadline until August 17, 2020. (ECF No. 11). Then, on July 28, 2020, Mr. Asamoah moved for default judgment because Amazon had not yet filed its Answer. (ECF No. 13). The Court denied this motion on July 29, 2020, noting that the Court granted Amazon a 21-day extension of time to respond to the Complaint, and that the new deadline had not yet passed. (ECF No. 14).

On August 17, 2020, Amazon moved to dismiss the suit for failure to state a claim. (ECF No. 23). Mr. Asamoah filed another motion for default judgment against Amazon on August 20, 2020. (ECF No. 25). The Court responded to both motions on December 7, 2020, denying Mr. Asamoah's motion for default judgment and granting in part Amazon's motion to dismiss. The Court dismissed without prejudice Counts Three, Four, Five, Six, and Seven, but permitted Counts One and Two to move forward.

Mr. Asamoah then filed two motions to certify orders for interlocutory appeal. The first, which he filed on December 16, 2020, asks the Court to certify for appeal legal questions arising out of the Court's July 29, 2020 Opinion and Order, which denied Mr. Asamoah's initial motion for default judgment. (ECF No. 35). The second, which was filed on December 18, 2020, seeks interlocutory appeal on the Court's dismissal of Counts Three through Seven. (ECF No. 37).

Two other motions are also before the Court.[2] On January 6, 2021, Mr. Asamoah filed a motion to remand. (ECF No. 44). On February 25, 2020, Amazon moved for the Court's approval of a confidentiality agreement. (ECF No. 47).

Following these motions, several additional noteworthy proceedings took place. Amazon filed a motion to compel on March 31, 2021 (ECF No. 51), which the Court granted (ECF No. 56). The Court ordered Mr. Asamoah to serve his initial disclosures, responses, and relevant documents to Amazon by June 4, 2021 and granted leave to Amazon to file a motion to recoup its costs and attorney fees. Additionally, Amazon filed a motion for attorney fees on June 8, 2021, and the Court ordered Mr. Asamoah to pay a total award of $13,084.13 on July 13, 2021. (ECF Nos. 57, 60). Finally, Judge Sarah D. Morrison deemed Mr. Asamoah a vexatious litigator in another case before the Southern District of Ohio, *Asamoah v. Capstone Logistics, LLC*. (2:20-cv-6590, ECF No. 26).

### III. LAW & ANALYSIS

#### A. Motions to Certify Orders for Interlocutory Appeal

<u>1. Standard of Review</u>

Interlocutory appeals are to be reserved for "exceptional circumstances" and are generally disfavored. *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). The burden rests on the party

---

[2] As of the time of this Opinion and Order, Mr. Asamoah has also filed a Motion for Relief from Judgment (ECF No. 62) and a Motion for Reconsideration (ECF No. 63), but these motions are not yet ripe.

4

seeking certification of an interlocutory appeal to show that exceptional circumstances exist warranting the interlocutory appeal. *Alexander v. Provident Life & Acc. Ins. Co.*, 663 F. Supp. 2d 627, 639 (E.D. Tenn. 2009) (citing 28 U.S.C. § 1292(b)).

Under § 1292(b), the Court may issue relief of an interlocutory appeal only if three criteria are satisfied: (1) the question must involve a controlling issue of law; (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of litigation. *Id.*; *Cook v. Erie Ins. Co.*, No. 2:18-cv-00282, 2021 WL 1056626, at *2 (S.D. Ohio Mar. 19, 2021). The Sixth Circuit has steadfastly held that the history of § 1292(b) plainly shows that the statute is "not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).

## 2. ECF No. 35

On December 16, 2020, Mr. Asamoah filed a Motion to Certify Order for Interlocutory Appeal ("First Motion for Interlocutory Appeal"). (ECF No. 35). He contests the Court's December 7, 2020 Opinion and Order, which denied Mr. Asamoah's Motion for Default Judgment ("First Default Judgment Order"). (*See* ECF No. 14). He asks this Court to certify the following legal questions for immediate appeal:

> 1) Whether Federal Rule of Civil Procedure 59(d) is applicable to Amazon.Com Services, Inc.'s [sic] failure to complete service of process?
>
> 2) Whether Defendant is required to provide Plaintiff with a copy of its Answer or motions?
>
> 3) Whether Federal Rule of Civil Procedure 55(a) is applicable to Defendant who failed to answer or file a motion by the deadline set by this Court?
>
> 4) Whether Amazon.Com Services, Inc. [sic] demonstrated to this Court that its Motion for Extension of Time was support by good cause?

(ECF No. 35 at 2).

None of these questions can be appropriately certified for appeal because none presents a substantial ground for difference of opinion. To begin, Mr. Asamoah's proposed first question cannot be certified because the Court did not address service of process in the First Default Judgment Order. Moreover, the second and third proposed questions do not implicate any exceptional circumstances. At the time of Mr. Asamoah's first motion for default judgment, Amazon's extended deadline had not yet passed, so Amazon had not failed to answer timely, nor was it required to provide Mr. Asamoah with a copy of the answer at that time. Finally, with respect to the fourth question, the Court extended Amazon's response deadline by 21 days because Amazon had only recently retained counsel, who had not yet had the opportunity to investigate the claims in the Complaint. These procedural facts leave no room for difference of opinion in the outcome of Mr. Asamoah's proposed questions. Accordingly, the Court **DENIES** Mr. Asamoah's First Motion for Interlocutory Appeal. (ECF No 35).

### 3. ECF No. 37

Mr. Asamoah also filed a Motion to Certify Order for Interlocutory Appeal on December 18, 2020 ("Second Motion for Interlocutory Appeal"). (ECF No. 37). In this motion, Mr. Asamoah challenges the Court's December 7, 2020 Opinion and Order, which dismissed without prejudice of Counts Three through Seven. Specifically, he seeks certification of the following legal question for immediate appeal: "Whether Plaintiff's Complaint pled enough facts at this stage of litigation to state a claim showing that he is entitled to relief?" (*Id.* at 2).

Once again, Mr. Asamoah does not identify a question that raises a substantial ground for difference of opinion. Mr. Asamoah does not cite any case law that directly contradicts this Court's analysis or conclusion in its motion to dismiss ruling. Furthermore, this Court explained its

6

rationale for dismissing these claims. The Court dismissed Mr. Asamoah's age and disability discrimination claims in Counts Three and Four because Mr. Asamoah did not exhaust his administrative remedies before filing this suit in federal court, as federal statutes require. (ECF No. 32 at 3–4) (citing 29 U.S.C. § 626(d)(1); 41 U.S.C. §§ 2000e5(e)(1); *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)). The Court dismissed Mr. Asamoah's retaliation claim in Count Five because he did not allege that he engaged in a protected activity and cannot establish the requisite causation. (ECF No. 32 at 10) (citing 42 U.S.C. § 2000(e)-3(a); *Barrow v. City of Cleveland*, 774 F. App'x 254, 261 (6th Cir. 2019)). The Court dismissed Mr. Asamoah's breach of contract claim in Count Six because he did not allege sufficient facts to establish that he formed an implied contract with Amazon. (ECF No. 32 at 11–12) (citing *Dunlap v. Edison Credit Union, Inc.*, 928 N.E.2d 464, 467 (Ohio Ct. App. 2d Dist. 2010). Finally, the Court dismissed Mr. Asamoah's intentional infliction of emotional distress claim in Count Seven because the only allegations pertaining to this claim were the type of legal conclusions the Court need not accept as true for purposes of deciding a motion to dismiss. (ECF No. 32 at 13–14) (citing *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court cited clear case law that controls the outcome of each of the counts Mr. Asamoah alleged. This Court construed Mr. Asamoah's pro se pleadings liberally and considered the facts in the light most favorable to Mr. Asamoah. Even with this liberal approach, the Court nevertheless determined that Counts Three through Seven must be dismissed without prejudice. For these reasons, the Court **DENIES** Mr. Asamoah's Second Motion for Interlocutory Appeal. (ECF No. 37).

**B. Motion to Remand**

Civil actions brought in state court may be removed to the applicable federal district court by a defendant if the federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). Original jurisdiction exists when diversity jurisdiction or federal question jurisdiction is properly invoked. Diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Federal question jurisdiction occurs in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, when a court has federal question jurisdiction over some claims in a case, it may also have supplemental jurisdiction over claims arising under state law that are "so related" to the federal claims "that they form part of the same case or controversy." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1367(a)) ("That provision applies with equal force to cases removed to federal court as well as to cases initially filed there") (internal quotations omitted).

This Court has original jurisdiction over the claims in this case, on two separate grounds. First, the Court has diversity question jurisdiction because Mr. Asamoah and Amazon are citizens of different states, and Mr. Asamoah has alleged more than $75,000 in damages. Second, the Court also has federal question jurisdiction over the first five counts because they arise under federal law. The remaining two state law claims fall under the Court's supplemental jurisdiction because they are so related to the federal claims that they form part of the same case or controversy under Article III.

The Court also notes that Mr. Asamoah is the party who filed this action in federal court. It was he who alleged that the Court had both diversity and federal question jurisdiction over his claims. It appears that Mr. Asamoah may have intended to file this motion in the case he initiated

8

in state court, as he refers to Amazon's Notice of Removal. He argues that his Complaint "does not include claims arising under the United States Constitution, federal laws or treaties of the United States. It exclusively relied on Ohio state laws." (ECF No. 44 at 2). The Complaint, however, clearly cites federal law as the basis for five of his claims. Moreover, Mr. Asamoah does not dispute the Court's diversity jurisdiction over this case. For these reasons, Mr. Asamoah's Motion to Remand (ECF No. 44) is hereby **DENIED**.

### IV. CONCLUSION

For the reasons articulated above, the Court **DENIES** both motions to certify interlocutory appeal (ECF Nos. 35, 37), **DENIES** the motion to remand (ECF No. 44), and **GRANTS** the confidentiality agreement (ECF No. 47).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 17, 2021**

9