IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ASAMOAH, | : |
| | : Case No. 2:20-cv-3305 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Elizabeth P. Deavers |
| AMAZON.COM SERVICES, INC., | : |
| | : |
| Defendant. | : |

## ORDER

This matter is before the court on Plaintiff's Motion for Relief from Judgment (ECF No. 62) and Plaintiff's Motion to Reconsider Entry (ECF No. 63). For the reasons set forth more fully below, this Court **OVERRULES** both of Plaintiff's objections. (ECF Nos. 62, 63).

## I. BACKGROUND

On July 13, 2021, the Magistrate Judge issued her Opinion and Order granting in part and denying in part Defendant's Motion to Recoup Costs and Attorney's Fees Associated with Defendant's Motion to Compel (ECF No. 57). (ECF No. 60). There, she correctly set forth the factual background and procedural history (*See id.*), and Plaintiff does not object to that recitation, which the Court adopts by reference. Subsequently, Plaintiff filed his Motion for Relief from Judgment (ECF No. 62), and Motion for Reconsideration of Order on Motion for Attorneys' Fees (ECF No. 63) on July 23, 2021. Defendant filed its Consolidated Opposition to Plaintiff's Motion for Relief from Judgment and Motion to Reconsider Entry. (ECF No. 64). The Plaintiff's motions are now ripe for adjudication.

1

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Although the Court must consider timely objections, the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). Rule 72(a) provides "considerable deference to the determinations of magistrates." *Siegler v. City of Columbus*, 2:12-CV-472, 2014 WL 1096159, at *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued* Aug. 29, 1994, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

This Court has noted that "[w]hile Rule 72(a) does not use the phrase 'abuse of discretion,' the standard applied under this rule for a nondispositive motion parallels the standard outlined in *Getsy* for appellate review of discovery orders." *Nathan v. Ohio State Univ.*, 2:10-CV-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (en banc) ("[a] district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.")). The "clearly erroneous" standard applies to factual findings by the magistrate judge, while legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994). See also *Siegler*, 2014 WL 1096159, at *1-2 (S.D. Ohio Mar. 19, 2014). A factual finding is " 'clearly erroneous' only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Siegler*, 2014 WL 1096159, at *1 (citing *Heights Cmty. Cong. v. Hilltop v. Hilltop Realty, Inc.*,

774 F.2d 135, 140 (6th Cir. 1985)). A district court's review of legal conclusions under the "contrary to law" standard "may overturn any conclusions of law which contradict or ignore applicable precepts of law." *Gandee*, 785 F. Supp. at 686; see also *Peters v. Credits Prot. Ass'n LP*, 2:13-CV-0767, 2015 WL 1022031, at *3 (S.D. Ohio Feb. 19, 2015).

### III.   LAW & ANALYSIS

As a threshold matter, although Plaintiff styles his first Motion as a Relief from Judgment (ECF No. 62), and purports to be moving pursuant to Federal of Civil Procedure 60(b), he is instead objecting to the Magistrate Judge's July 13, 2021, Opinion and Order (ECF No. 60). (*See* ECF No. 62 at 1) ("Plaintiff is requesting this Court to relief [sic] him from the Opinion and Order because it is unjust, harsh and unfair."). Moreover, his Motion to Reconsider Entry, although styled differently and purporting to move pursuant to Rule 59(e), is otherwise almost identical. (*See* ECF No. 63).

Federal Rules of Civil Procedure 59(e) and 60 are two vehicles for a litigant to alter the judgment entered by the District Court by that *same* District Court (as opposed to appealing to the Circuit Court). Under Rule 59(e), a litigant may file "a motion to alter or amend a judgment … [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Moreover, Rule 60(b) allows for a litigant via motion to seek relief "from a final judgment, order, or proceeding," based on six enumerated reasons. *See* Fed. R. Civ. P. 60. Importantly, however, no final judgment has been entered in this case.

That said, "[m]otions to reconsider in civil cases fall into three categories:

> (i) a motion to reconsider filed within twenty-eight days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [twenty-eight] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order

3

> that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion.

*Nissen v. United States*, No. CIV 21-0505 JB/SMV, 2021 WL 3663799, at *2 (D.N.M. Aug. 18, 2021) (citations omitted).

Further, such reconsiderations of the Magistrate Judge's Orders are construed as objections to that Order. *Stacey v. Caterpillar, Inc.*, 901 F. Supp. 244, 246–47 (E.D. Ky. 1995) ("The Court construes [the movant's] motion to amend and reconsider as objections to the magistrate judge's disposition of a nondispositive matter.").

Accordingly, the Court construes Plaintiff's motions as objections to the Magistrate Judge's Opinion and Order. (ECF No. 60). Moreover, because the motions are almost identical, the Court will consider the motions together. (*See* ECF Nos. 62, 63). Further, because this was a non-dispositive Order pursuant to Federal Rule of Civil Procedure 72(a), plaintiff had 14 days to file his objections. *See* Fed. R. Civ. P. 72(a). To that end, Plaintiff filed his objections in a timely manner.

Yet, this is where the clarity ends. Plaintiff appears to object to the Magistrate Judge's Order, asserting that the order is the result of clear error and must be overturned to prevent manifest injustice on two bases: (1) because he has no income; and (2) because Defendant did not respond to the complaint Plaintiff filed on June 30, 2020 within 21-days after service. (*See* ECF Nos. 62, 63 at 1). This Court will address each in turn.

### A. Financial Indigence

Foremost, Plaintiff argues that he has no income; as such, the award of attorney's fees is clear error and must be overturned to prevent manifest injustice. (ECF Nos. 62, 63). Notably, Plaintiff cites no authority for this proposition. (*See id.*).

First, "financial indigence by itself does not necessarily make an award of expenses unjust." *Long v. Libertywood Nursing Ctr.*, No. 1:13CV315, 2014 WL 3696257, at *3 (M.D.N.C. July 23, 2014) (quoting *Garity v. Donahue*, No. 2:11CV1805–MMD–CWH, 2014 WL 1168913, at *5 (D.Nev. Mar. 21, 2014)); *Croomes v. Stream Glob. Servs.--AZ, Inc.*, No. CV11-0141-PHX-JAT, 2012 WL 748307, at *2 (D. Ariz. Mar. 8, 2012) (citing *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984)). Moreover, Plaintiff did not proceed *in forma pauperis* in this action, demonstrating, at minimum, that he has not established his asserted financial hardship. (*See* ECF No. 1). Finally, "[t]o grant [Plaintiff] a complete exclusion from Rule 37(a) without a demonstrated establishment of financial hardship would allow Plaintiff's pro se status to create an unjustified blanket exception." *Garity*, 2014 WL 1168913, at *5 (D. Nev. Mar. 21, 2014). Accordingly, Plaintiff's objection on this basis is **OVERRULED**.

### B. Defendant's Answer

Plaintiff also objects on procedural grounds: both motions ask the court to reconsider the partial award of attorney fees granted to Defendant because Defendant did not respond to Plaintiff's Complaint within 21-days. (ECF No. 62).

Plaintiff's recitation of the general rule is correct: Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that, generally, a defendant must respond within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a). That said, Rule 6(b) allows for extensions at the Court's discretion, consistent with its "inherent power to manage its own docket." *Stuart v. Rust-Oleum Corp.*, No. 2:16-CV-622, 2018 WL 4559058, at *1 (S.D. Ohio Sept. 21, 2018) (citing *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993)).

The summons was executed on July 6, 2020 with the Answer due July 27, 2020 (ECF No. 7). Further, Defendant filed a Motion for Extension of Time to File Answer on July 24, 2020.

5

(ECF No. 10).  The Court granted Defendant's request for extension with a new deadline of August 17, 2020.  (ECF No. 11).  Defendant filed its Motion to Dismiss for Failure to State a Claim on the newly prescribed deadline.  (ECF No. 23).  Further, Defendant properly responded by providing a defense of failure to state a claim by motion prior to providing an answer as permitted by the plain language of Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6).

Given this timeline of events, Defendant responded within the Court's allotted time and Plaintiff is neither entitled to reconsideration nor default judgment on the grounds that Defendant failed to respond to Plaintiff's Complaint.  Plaintiff's objection on this basis is **OVERRULED**.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Relief from Judgment (ECF No. 62) and Plaintiff's Motion to Reconsider Entry (ECF No. 63) are each **OVERRULED**.  This Court adopts the decision of the Magistrate Judge.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 14, 2022**