**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL ASAMOAH,** | : | |
| | : | **Case Nos. 2:20-cv-3305** |
| **Plaintiff,** | : | **2:21-cv-00003** |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **AMAZON.COM SERVICES, INC.,**[1] | : | |
| | : | |
| | : | |
| **Defendant.** | | |

**OPINION & ORDER**

This matter is before the Court on Defendant's Motions: to Dismiss (ECF Nos. 68, 69);[2] for Sanctions (ECF No. 87); Plaintiff's Motions: to Remand (ECF No. 72), for Default Judgment (ECF No. 75), to Strike (ECF No. 76), to Remand (ECF No. 78), for Leave to Appeal in forma pauperis (ECF No. 85), to Disqualify Counsel (ECF No. 90), for Sanctions (ECF No. 91), to Disqualify Counsel (ECF No. 92), to add exhibits (ECF No. 94), and to Disqualify Law Firm (ECF No. 95). For the reasons more fully stated below, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 68); **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 69); **DENIES** Plaintiff's Motions to Remand (ECF Nos. 72, 78), for Default Judgment (ECF No. 75), to Strike (ECF No. 76); and **DENIES AS MOOT** the following: Defendant's Motions for Sanctions (ECF No. 87); Plaintiff's Motions for Leave to Appeal in forma pauperis (ECF No. 85), to Disqualify Counsel (ECF No. 90), for Sanctions (ECF No. 91), to

---

[1] Defendant's legal name is Amazon.com Services LLC, not Amazon.com Services, Inc.
[2] Cases 2:20-cv-3305 and 2:21-cv-00003 have been consolidated. For ease of reference, unless stated otherwise, this Opinion & Order will refer to the docket of 2:20-cv-3305.

Disqualify Counsel (ECF No. 92), to add exhibits (ECF No. 94), and to Disqualify Law Firm (ECF No. 95).[3]

## I.    BACKGROUND[4]

Michael Asamoah worked for Amazon as a Fulfillment Associate from December 4, 2018, to March 15, 2019, in Columbus, Ohio. (ECF No. 1 at 6). Following his termination, he filed this suit *pro se* on June 30, 2020 ("Federal Case"). (*Id.*). There, he asserted seven causes of action: unlawful race discrimination (Count One) and unlawful national origin discrimination (Count Two), in violation of Title VII of the Civil Rights Act of 1964; unlawful age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (Count Three); unlawful disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA") (Count Four); and unlawful retaliation, in violation of Title VII (Count Five). He also alleges state law violations for breach of implied contract (Count Six) and intentional infliction of emotional distress ("IIED") (Count Seven). On August 17, 2020, Defendant filed its initial Motion to Dismiss (ECF No. 23). Plaintiff timely Responded (ECF No. 24), filed a Motion for Default Judgment (ECF No. 25), and Defendant timely Replied (ECF No. 29).

On December 7, 2020, this Court Granted in Part and Denied in Part Defendant's Motion to Dismiss (ECF No. 32, Opinion & Order) dismissing all but Counts One and Two. In the same Order, the Court also Denied Plaintiff's Motion for Default Judgment. (*Id.*). On December 9, 2020, the Court scheduled the preliminary pretrial conference where it would later set case deadlines. (ECF No. 33).

---

[3] The parties may refile their motions, if any, in the surviving consolidated case 2:21-cv-00003.
[4] The background of this case has been assiduously set forth in prior decisions of the Court (*see e.g.*, ECF No. 32). This Opinion incorporates that background by reference herein and is summarized, restated, or otherwise supplemented as required to resolve the pending motions to dismiss.

A day later, Asamoah filed suit in the Franklin County Court of Common Pleas. (21-cv-00003, ECF No. 1-1, Complaint) ("State Case"). There, he asserted six causes of action: unlawful race discrimination (Count One), and unlawful national origin discrimination (Count Two), in violation of Ohio Revised Code Chapter 4112 *et seq.*; wrongful discharge in violation of public policy (Count Three); unlawful disability discrimination, in violation of the Ohio Civil Rights Act (Count Four); and unlawful retaliation, in violation of Ohio Revised Code Chapter 4112 *et seq.* (Count Five). He also alleges intentional infliction of emotional distress (Count Six). Notably, his state court Complaint presents state-law analogues for almost every federal cause of action he previously asserted and omits only age-related theories of discrimination based on Ohio law. Defendant then filed a notice of removal in this court. (21-cv-00003, ECF No. 1).

A little more than a week later, the Court held its Rule 16 conference in the Federal Case on January 12, 2021. (ECF No. 45). There, it set deadlines for initial disclosures (January 25, 2021), motions or stipulations to amend the pleadings or join additional parties (February 26, 2021), the close of discovery (August 9, 2021), and dispositive motions (September 9, 2021). (*Id.*).

The State Case unfolded in a similar manner as the parallel Federal action. Asamoah again filed a series of motions within the span of a month, including multiple Motions for Default Judgment (21-cv-00003, ECF Nos. 6, 15); a Motion to Remand to State Court (21-cv-00003, ECF No. 11); a Motion to Certify Order for Interlocutory Appeal (21-cv-00003, ECF No. 13); a Motion to Strike the Notice of Removal (21-cv-00003, ECF No. 14); and a Motion to Compel (21-cv-00003, ECF No. 17). Defendant then moved to consolidate cases 20-cv-3305 and 21-cv-00003. (21-cv-00003, ECF No. 20).

During the pendency of discovery in the Federal Case, Defendant filed a Motion to Compel. (ECF No. 51). There, it asked the Court to order Plaintiff to serve "his outstanding initial

disclosures, responses to [Defendant's] Interrogatories, Request for Documents and Medical Authorization, all non-privileged documents identified in his initial disclosures and all non-privileged documents responsive to [Defendant's] Request for Documents by April 26, 2021." (*Id.* at 1). The Magistrate Judge Granted Defendant's Motion to Compel, ordering Plaintiff to "serve his initial disclosures and responses and all responsive documents to [Defendant's] Discovery Requests," but extended Plaintiff's deadline to comply to June 4, 2021. (ECF No. 56). The Magistrate Judge also explicitly warned Plaintiff "that failure to cooperate in discovery will result in sanctions, possibly including but not limited to ***dismissal***." (*Id.* at 1) (emphasis added).

This Court denied Plaintiff's pending motions in the State Case, deemed Plaintiff a vexatious litigator, and granted Defendant's Motion to consolidate. (*See* ECF No. 66, Opinion and Order). Following the scheduled close of discovery in the Federal case, Defendant filed its Motions to Dismiss (ECF Nos. 68, 69), Plaintiff filed a Response in Opposition (ECF No. 77), and Defendant timely filed its Reply. (ECF No. 79). This matter is now ripe for review.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Id.* at 363 (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). The Court considers four factors in whether to dismiss a case for want of prosecution: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to

4

dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* And though "none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).

The Sixth Circuit set forth the same test for dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2). *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich. 2020) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997)). And while such a dismissal is a severe sanction, it is not imposed unless the party's "noncompliance was due to 'willfulness, bad faith, or fault.'" *Id.* (quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citations omitted).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for

relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

## III.   LAW & ANALYSIS

Defendant filed its Motions to Dismiss on two separate bases: the first, for Plaintiff's failure to participate in Discovery (ECF No. 68); and the second under 12(b)(6) (ECF No. 69). Additionally, Plaintiff filed its Motions: to Remand (ECF No. 72), for Default Judgment (ECF No. 75), to Strike (ECF No. 76), to Remand (ECF No. 78), and for Leave to Appeal in forma pauperis (ECF No. 85). The Court will address each in turn.

### A. Motion to Dismiss - Failure to Participate in Discovery

Defendant argues that Plaintiff has committed a wholesale failure to participate in discovery. Indeed, Defendant avers that Plaintiff failed: (i) to comply with the initial disclosure deadline; (ii) to respond to Defendant's many discovery requests; (iii) to comply with the Court's Motion to Compel Order; and (iv) to comply with the Court's Attorney Fee Award Order. (ECF No. 68-1 at 7). Defendant contends that Plaintiff's conduct has been willful and in bad faith; prejudiced Defendant's ability to obtain discovery and defend itself in this litigation; continues despite Plaintiff being previously warned on multiple occasions; and has not been deterred by lesser sanctions, even in aggregate. Accordingly, Defendant maintains, Plaintiff's complaint must be dismissed.

Plaintiff responds asserting a number of defensive theories. First, he argues that Defendant is "in default" because it failed to Answer within twenty-one days of the filing of Plaintiff's Complaint and because it did not properly serve Plaintiff in this matter. (ECF No. 77 at 2). Second, Plaintiff argues that Defendant filed "responsive pleadings and motions to the court" before some

of its Motions for Leave to Appear Pro Hac Vice were granted.  (*Id.*).  Taken together, Plaintiff asserts that the foregoing reasons overcome Defendant's Motion to Dismiss.  (*See id.*).  Plaintiff does not otherwise respond directly to any of Defendant's arguments.  (*See id.*).

Before this Court begins its review of Defendant's Motion to Dismiss, it will first address Plaintiff's arguments regarding default.  Then, the Court will consider the factors for dismissal under Rule 37(b)(2) in turn.

### 1. *Plaintiff's Defenses*

Plaintiff's argument that Defendant is "in default" falls woefully short.  First, this Court has already considered and rejected Plaintiff's argument that Defendant is in default because it "missed" the twenty-one-day deadline prescribed in the Rules of Civil Procedure.  (*See* ECF No. 14, Order).  In a previous Order, the Court rejected Plaintiff's theory that Defendant was in default because it did not "file an Answer to his Complaint by the … deadline."  (*See id.* at 1).  That's because the Court had already granted Defendant's uncontroversial request for an extension.  (*See id.*) (citing ECF No. 11).  Thus, this argument is again rejected.

Next, Plaintiff argues that Defendant failed to serve Plaintiff with a copy of its "Answer or motion." (ECF No. 77 at 2).  Assuming for the sake of argument that Plaintiff's assertion, if true, is a valid defense to a Motion to Dismiss, Plaintiff's contention is lodged absent support. If Plaintiff is referring to Defendant's initial pre-Answer Motion to Dismiss (ECF No. 23), he offers nothing beyond his bald assertion that he was not served this filing.  Indeed, the only evidence in the record regarding this suggests just the opposite.  For one, Defendant's certificate of service made with this filing supports that Plaintiff was served. (*See id.* at 3).  Second, Plaintiff's Response in Opposition, which he filed the following day, significantly undermines Plaintiff's contention.  (*See*

ECF No. 24). If he is referring to Defendant's Answer (ECF No. 70), that too contains a certificate of service. (*See id.* at 26). Absent any support for his assertion, this argument is not well-taken.

Plaintiff also claims that Defendant filed "responsive pleadings and motions to the court" before some of its Motions for Leave to Appear Pro Hac Vice were granted. Even a cursory glance at the docket belies this assertion. The first filing on behalf of Defendant was by Attorney Andrew Barber. Mr. Barber neither filed nor was required to wait for the Court to rule on such Motions because he is admitted to practice in this Court. (*See* ECF No. 8 at 1). Moreover, the only other attorney to file anything on behalf of Defendant, Attorney Stephanie Sweitzer, was granted leave to Appear Pro Hac Vice on August 5, 2020. (ECF No. 19). She did not file a Motion until twelve days later. (*See* ECF No. 23). Again, Plaintiff's argument falls short.

### 2. *Failure due to willfulness, bad faith, or fault*

To demonstrate whether "a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (internal quotations and citations omitted)). Put differently, this factor requires "a clear record of delay or contumacious conduct," meaning such "behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter*, 723 F.3d at 704. And though Courts "give *pro se* litigants a certain amount of leeway in prosecuting their cases—for example, their pleadings are liberally construed—they are not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders." *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich. 2020). When a party "repeatedly disregard[s] discovery deadlines, even after those dates were extended and even after the Court took the time to …

explain[] such obligations," yet "has the wherewithal to file numerous and spurious motions to strike and motions for sanctions … it is difficult to characterize [a plaintiff's] many deficiencies as anything other than willful and in bad faith." *Id.*

Here, Plaintiff did not simply miss discovery deadlines, he has not produced "a single discovery document or response." (ECF No. 68-1 at 1). Instead, he has devoted his time to requesting discovery from Defendant (*See* ECF No. 68-2 at 5–35), filing what most certainly could be considered spurious motions (*See e.g.*, ECF Nos. 44, 72, 78, Motions to Remand), filing additional lawsuits under an identical factual predicate (*Compare* ECF No. 1, Complaint, *with* 2:21-cv-00003, ECF No. 5, Complaint), and has resisted multiple court orders. (*See e.g.,* ECF No. 51). This factor militates toward dismissal.

### 3. *Prejudice Experienced by Adverse Party*

A party "is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

Here, Defendant has "expended time, money and effort in pursuit of discovery that plaintiff was legally obligated to provide." *Moses v. Sterling Com. (Am.), Inc.*, No. CIV.A. 2:99-CV-1357, 2003 WL 23412984, at *4 (S.D. Ohio July 1, 2003), *aff'd*, 122 F. App'x 177 (6th Cir. 2005) (citing *Harmon*, 110 F.3d at 368). Further, Defendant avers that it has "been unable to complete discovery due to plaintiff's failure to cooperate in the litigation that he initiated." (*See* ECF No. 68-1 at 9); *Moses*, 2003 WL 23412984, at *4 (finding factor weighed toward dismissal). This factor similarly militates toward dismissal.

### 4. *Previous Warnings*

"When a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct." *Mager*, 924 F.3d at 840 (quoting *Harmon*, 110 F.3d at 367 and *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)) (internal quotation marks omitted).

Here, Plaintiff has been notified that his case could be dismissed if he continued his conduct. (*See e.g.,* ECF No. 56). Thus, this factor militates toward dismissal.

### 5. *Less Drastic Sanctions*

Rule 37(b) does not require less drastic sanctions, but instead that the Court consider such measures. *Mager*, 924 F.3d at 840.

Here, the Court not only considered such sanctions but imposed them. In the Court's Order on the Defendant's Motion to Compel, the Magistrate Judge Ordered Plaintiff to serve his initial disclosures, responses, and all responsive documents by June 4, 2021. (*See* ECF No. 56). Further, the Magistrate Judge ordered Plaintiff that non-compliance may result in dismissal. (*See id.* at 1). Having duly warned Plaintiff of the consequences of non-compliance, this factor similarly militates toward dismissal.

Having found that all four factors weigh heavily toward dismissal, this Court **GRANTS** Defendant's Motion to Dismiss for Failure to Participate in Discovery (ECF No. 68).

Additionally, Defendant seeks leave to bring a motion pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). That rule provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

10

Fed. R. Civ. P. 37(b)(2)(C). By the rule's plain language, "the court **_must_** order the disobedient party … to [such] pay reasonable expenses." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Though the very nature of this Motion to Dismiss suggests that the failure was not substantially justified, the parties have not addressed whether "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Defendant's request to file a Motion to Recoup its Costs and Attorney Fees associated with its Motion to Dismiss (ECF No. 68) is **GRANTED** and the parties are **ORDERED** to address whether such "other circumstances" exist that would make such an award unjust.

### B. Motion to Dismiss - 12(b)(6)

Defendant asserts three theories for dismissal: (1) Plaintiff has impermissibly split his claims across the federal and state—now consolidated—lawsuits; (2) Plaintiff failed to state claims for wrongful termination based on public policy, discrimination based on disability, retaliation related to his right to challenge such disability discrimination, and intentional infliction of emotional distress (IIED); and (3) res judicata. (ECF No. 69-1 at 1–2). Accordingly, based on one or more of the above theories, Defendant contends that Plaintiff's Complaint must be dismissed.

Responding in a similar fashion as he did to Defendant's first Motion to Dismiss, Plaintiff asserts defenses based on default and jurisdiction.[5] To the extent he reasserts his arguments based on default, they fail for the same reasons stated above. Next, he argues that because his State case relies exclusively on state law, it should not be dismissed, but remanded because it is improperly before this Court. (ECF No. 77 at 3–4).

---

[5] Plaintiff filed an omnibus Response to Defendant's Motion to Dismiss. (*See* ECF No. 77). It is not clear, however, whether he intended his arguments concerning Default and Service of Process to operate as defenses to both Motions to Dismiss. (*See id.*). It does seem clear, though, that his defense concerning jurisdiction was meant solely to defend the Motion to Dismiss his State case.

Before this Court begins its review of Defendant's Motion to Dismiss (ECF No. 69), it will first address Plaintiff's arguments regarding jurisdiction. Following this analysis, the Court will proceed to Defendant's contentions that: (i) Plaintiff failed to state a claim; (ii) his case is barred by *res judicata*; and (iii) this case should otherwise be dismissed because he impermissibly split his claims. Notably, other than his arguments mentioned above, Plaintiff does not substantively respond to Defendant's Motions to Dismiss. (*See id.*).

### 1. *Plaintiff's Defense*

Plaintiff's jurisdictional attack fails for the same reason his previous Motion to Remand failed: this Court has original jurisdiction over the claims asserted in the State case. Though Plaintiff is correct that each of his claims arise under state law (*See* ECF No. 77 at 4), he misapprehends the concept of diversity jurisdiction. As this Court found in a previous Opinion and Order (*See* ECF No. 65), "the Court has diversity jurisdiction because Mr. Asamoah and Amazon are citizens of different states, and Mr. Asamoah has alleged more than $75,000 in damages." (*See id.* at 8) (applying 28 U.S.C. §§ 1332(a), 1441(a)). And though the Court was analyzing his Complaint in the Federal case, the factual allegations supporting the State case are identical to that previously filed action. (*Compare* ECF No. 1, Complaint, *with* 2:21-cv-00003, ECF No. 5, Complaint). When considering the amount of damages Plaintiff seeks ($25,000,000) and that the parties are identical to the first action, the analysis holds. Thus, Plaintiff's argument that Defendant erroneously removed this action is not well-taken.

The Court will now consider Defendant's Motion to Dismiss.

### 2. Failure to State a Claim Upon Which Relief Can be Granted

#### a. Disability Discrimination

Defendant argues that Plaintiff failed to make any factual assertions demonstrating direct or circumstantial evidence of disability discrimination. (ECF No. 69-1 at 10). Accordingly, Defendant argues that Plaintiff fails to state a claim.

For an employee "to prevail in an employment discrimination case, a plaintiff must prove discriminatory intent through either direct or indirect methods of proof." *Wu v. Ne. Ohio Med. Univ.*, 2019-Ohio-2530, ¶ 21, 140 N.E.3d 100, 108. Direct evidence "does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Anderson v. Bright Horizons Children's Centers, LLC*, 2022-Ohio-1031, ¶ 44 (citing *Ray v. Ohio Dep't of Health*, 2018-Ohio-2163, ¶ 27, 114 N.E.3d 297, 305). Put differently, pursuant to "Ohio law, [d]irect evidence is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Ray*, 2018-Ohio-2163, ¶ 27. Absent direct evidence, the plaintiff must use indirect methods of proof to state his case.

Initially, "the burden is on the employee to establish a prima-facie case of disability discrimination in the absence of direct evidence of discrimination." *Carnahan v. Morton Bldgs. Inc.*, 2015-Ohio-3528, ¶ 22, 41 N.E.3d 239, 247 (citing *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571, 697 N.E.2d 204 (1998)). Specifically, the plaintiff must show that: "(1) he or she is disabled; (2) his or her employer took an adverse employment action against him or her at least partially based upon the disability; and (3) the he or she could safely and substantially perform the essential functions of his or her job despite disability." *Hall v. Crawford Cnty. Job & Fam. Servs.*, 2022-Ohio-1358, ¶ 11, 188 N.E.3d 1138, 1144, appeal not allowed sub nom. *Hall v.*

*Crawford Cty. Job & Fam. Servs.*, 2022-Ohio-2765, ¶ 11 (quoting *Niles v. Natl. Vendor Servs., Inc.*, 10th Dist. Franklin No. 10AP-128, 2010-Ohio-4610, 2010 WL 3783426, ¶ 26) (internal citations omitted). After the prima facie case is established, "the burden then shifts to the employer to set forth some legitimate, nondiscriminatory reason for the action taken." *Hood v. Diamond Prod., Inc.*, 1996-Ohio-259, 74 Ohio St. 3d 298, 302, 658 N.E.2d 738, 741 (citing *Plumbers & Steamfitters Joint Appreticeship Commt. v. Ohio Civ. Rights Comm*. (1981), 66 Ohio St.2d 192, 197, 421 N.E.2d 128, 132).

Here, Plaintiff alleges that his doctor advised him not to go to work for several days; he never missed a day of work; Plaintiff was terminated before he returned; and Defendant did not honor his doctor's note. Put differently, Plaintiff alleges that he was terminated, at least in part, because of his disability related absences. This type of allegation, on its own, is insufficient to be considered direct evidence of disability. That's because Plaintiff does not allege why Defendant rejected his doctor's note or terminated him. Instead, "[a] factfinder must infer that [Asamoah]'s [employer perceived] disability, as opposed to [his] lack of attendance, motivated the defendants to terminate [Asamoah]'s employment. Because such an inference is necessary, [such allegations cannot be] direct evidence of discrimination." *Anderson*, 2022-Ohio-1031, ¶ 46.

Absent, direct evidence, Plaintiff would need to show that: "(1) he … is disabled; (2) his … employer took an adverse employment action against him or her at least partially based upon the disability; and (3) that he … could safely and substantially perform the essential functions of his or her job despite disability." *Hall*, 2022-Ohio-1358, ¶ 11. Plaintiff fails the indirect route as well. That is because he does not allege—other than simply offering a recitation of the law—that his employer regarded him as disabled. ("Area Manager … terminated his employment … because

he regarded Plaintiff as having an impairment."). Accordingly, Plaintiff's claim for disability discrimination is **DISMISSED**.

### b. Retaliation

Defendant argues that Plaintiff fails to allege that he engaged in a protected activity and that such protected activity was the cause of his termination. As such, Defendant maintains that Plaintiff fails to state a claim for retaliation related to discrimination. (ECF No. 69-1 at 11).

Under Ohio law, "a claimant must prove that '(1) she engaged in a protected activity, (2) the defending party was aware that the claimant had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected activity and adverse action.'" *Hall*, 2022-Ohio-1358, ¶ 30. Under R.C. § 4112.02(I), it is unlawful "to discriminate against a person because that person has 'opposed any unlawful discriminatory practice,' or 'made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing.'" *Id.* ¶ 34.

Plaintiff alleges that Defendant retaliated against him by terminating his employment for complaining about Defendant's refusal to honor his doctor's note. But by Plaintiff's own admission, he states that the Defendant terminated his employment ***before*** he lodged his internal complaint. That is, even assuming that Plaintiff engaged in protected activity by complaining about the Defendant's failure to honor his doctor's note, he was terminated before he presented the note. Thus, Plaintiff cannot establish a prima facie case because there is no causal connection between the alleged protected activity and the adverse action. Accordingly, Plaintiff's claim for retaliation is **DISMISSED**.

### c. *Intentional Infliction of Emotional Distress*

Defendant argues that Plaintiff's Intentional Infliction of Emotional Distress claim fails by operation of the law of the case doctrine. Because Plaintiff presents the exact same allegations for his IIED claim as he did in 20-cv-3305 and because that claim was previously dismissed for failure to state a claim, Defendant argues that the law of the case doctrine weighs toward dismissal here.

The law of the case doctrine is "a simple idea: courts generally decline to redecide issues that they have already decided." *Samons v. Nat'l Mines Corp.*, 25 F.4th 455, 463 (6th Cir. 2022) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). The doctrine "promotes judicial efficiency by prohibiting parties from indefinitely relitigating the same issue that a court resolved in an earlier part of the case." *Id.* (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988); 18B Charles Alan Wright *et al.*, Federal Practice and Procedure § 4478, at 648 (3d ed. 2019)). Though the doctrine is discretionary, a court should adhere to the doctrine "absent extraordinary circumstances showing that the prior decision was clearly wrong and would work a manifest injustice." *Desai v. Geico Cas. Co.*, 541 F. Supp. 3d 817, 823 (N.D. Ohio 2021) (citing 18 Moore's Federal Practice § 134.21[1] (2021)).

Here, Plaintiff presents the exact same factual allegations in support of his IIED claim as he did in the Federal case. (*Compare* ECF No. 1, Complaint, *with* 2:21-cv-00003, ECF No. 5, Complaint). Because the Court has already dismissed this exact same attempt to plead this claim, it will do so again pursuant to the law of the case doctrine. (*See* ECF No. 32 at 14, Opinion and Order) (dismissing Plaintiff's IIED claim without prejudice for failure to state a claim). Accordingly, Plaintiff's claim for IIED is **DISMISSED**.

### d. *Wrongful Termination*

Defendant argues that Plaintiff's Wrongful Termination claim fails because he did not identify a public policy that his termination violated. (ECF No. 69-1 at 14). Alternatively, Defendant contends that if the public policy is one against unlawful discrimination, such a claim is preempted by the applicable discrimination causes of action under state and federal law. (*Id.*).

To state a claim of wrongful termination in violation of public policy, the plaintiff must allege:

> (1) that a clear public policy existed and was manifested either in a state or federal constitution, statute or administrative regulation or in the common law ('the clarity element'),
> (2) that dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy ('the jeopardy element'),
> (3) that the plaintiff's dismissal was motivated by conduct related to the public policy ('the causation element'), and
> (4) that the employer lacked an overriding legitimate business justification for the dismissal ('the overriding-justification element')

*Coldly v. Fuyao Glass Am., Inc.*, 2022-Ohio-1960, ¶ 12, 191 N.E.3d 514, 518 (quoting *Miracle v. Ohio Dept. of Veterans Servs.*, 157 Ohio St.3d 413, 2019-Ohio-3308, 137 N.E.3d 1110, ¶ 12). Moreover, to meet the clarity requirement above, "a terminated employee must articulate a clear public policy ***by citation of specific provisions in the federal or state constitution, federal or state statutes, administrative rules and regulations, or common law***. A general reference … is insufficient to meet the clarity requirement." *Coldly*, 2022-Ohio-1960, ¶ 14 (emphasis added).

Here, Plaintiff simply states that his termination "violated the public policy for wrongful discharge." (ECF No. 5 at 8). Thus, he clearly does not meet the clarity element under the *Fuyao Glass* pleading requirements. To the extent he is identifying discrimination as the violated policy, "the Ohio Supreme Court found that to prove the second prong of the above inquiry the plaintiff

must show that there is no other recourse or remedy available." *Carrasco v. NOAMTC Inc.*, 124 F. App'x 297, 304 (6th Cir. 2004) (citing *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 773 N.E.2d 526, 529–30 (Ohio 2002)). Specifically, the Ohio Supreme Court held

> An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful-discharge claim. …. Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, "the issue of adequacy of remedies" becomes a particularly important component of the jeopardy analysis. …. "If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy." …. ***Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests***.

*Wiles*, 2002-Ohio-3994, ¶ 15 (internal citations omitted) (emphasis added). Assuming that Plaintiff is identifying unlawful discrimination, he—as evidenced by the claims he asserts in the State case Complaint—has other avenues to secure relief that make a common law cause of action for wrongful termination superfluous. Accordingly, on either view of his wrongful discharge claim, it fails and is **DISMISSED**.

### 3. *Res Judicata*

Defendant also argues that if the Court dismisses the Federal case (20-cv-3305) on the merits, the State case (21-cv-00003) should be dismissed under the doctrine of res judicata. (ECF No. 69-1 at 15). The Defendant does not address the propriety of applying res judicata in the context of a consolidated action. (*See id.*).

The doctrine of "[c]laim preclusion, or res judicata, 'forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *GMAC Mortg., LLC v. McKeever*, No. CIV.A. 08-459-JBC, 2010 WL 4625427, at *1 (E.D. Ky.

Nov. 8, 2010) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotations omitted). Res judicata or claim preclusion is established when a defendant shows:

> (1) "a final judgment on the merits" in a prior action;
> (2) "a subsequent suit between the same parties or their privies";
> (3) an issue in the second lawsuit that should have been raised in
> the first; and
> (4) that the claims in both lawsuits arise from the same transaction.

*Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States*, 440 U.S. 147, 153, (1979); and *Wilkins v. Jakeway*, 183 F.3d 528, 532, 535 (6th Cir. 1999). For purposes of res judicata, however, "consolidated cases are considered a single lawsuit." *McKeever*, 2010 WL 4625427, at *1 (citing *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 74, 181–183 (1st Cir. 1999)).

Here, the Court consolidated the Federal case and the State case upon Defendant's Motion. (ECF No. 66, Opinion and Order). Because the "consolidated cases are considered a single lawsuit" for res judicata purposes, a judgment on the merits concerning the Federal case cannot form the basis of claim preclusion in the State case. *McKeever*, 2010 WL 4625427, at *1. Accordingly, Defendant's Motion to Dismiss the State case based on res judicata is **DENIED**.[6]

### 4. *Claim-Splitting*

Defendant also argues that Plaintiff impermissibly split his claims across multiple lawsuits. (ECF No. 69-1 at 6–8). In a distinct but related attack to res judicata, Defendant contends that Plaintiff's claims should be dismissed for not bringing them in his original suit. (*Id.* at 8). Additionally, the Defendant does not address the propriety of applying the claim-splitting doctrine in the context of consolidated cases.

---

[6] Plaintiff also appears to address his other federal case (2:21-cv-4825) in section IV of his Response titled "Plaintiff's Second Federal Action." (ECF No. 77 at 4). Because that case is not at issue in this Order, the Court declines to address this analysis. To the extent this analysis is a response to Defendant's res judicata and/or claim-splitting assertions, the Court declines to dismiss on those grounds without the aid of Plaintiff's "parallel" litigation argument.

In the normal course, a district court's dismissal under Rule 12(b)(6) is reviewed *de novo* by the Sixth Circuit. Yet, "where the district court dismisses a subsequent suit as duplicative, [the appellate court] review[s] … for an abuse of discretion because the district court's decision is grounded on its inherent discretionary authority to manage its own docket." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)).

"[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Id.* (citing *Katz*, 655 F.3d at 1217). In other words, "claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Id.* (citing *Katz*, 655 F.3d at 1217) ("The proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis."). Thus, the test for claim splitting is the test for res judicata, without the initial prong.

Here, though Defendant may satisfy the third and fourth prongs of the above test, for the same reason this court abstained from applying res judicata, it refuses to apply the doctrine against claim splitting. As noted above, "consolidated cases are considered a single lawsuit for res judicata purposes." *McKeever*, 2010 WL 4625427, at *1 (citing *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 74, 181–183 (1st Cir. 1999)). This, then, would mean that a consolidated action would fail the second prong of the above test since for claim-splitting purposes the consolidated action is the same suit. Accordingly, Defendant's Motion to Dismiss based on claim-splitting is **DENIED**.

### C.  Motion to Strike

Plaintiff argues that the Court should strike Defendant's Motions to Dismiss because they were untimely.  (ECF No. 76 at 1).  In brief, Plaintiff recasts his "in default" arguments to support his Motion to Strike.  (*Compare* ECF No. 77, Response in Opposition, *with* ECF No. 76, Motion to Strike).  He invokes his arguments concerning default almost word for word and repeats the contention that Defendant failed to serve him with process.  (ECF No. 76 at 2).  The sole new element appears near the end of his Motion, asserting that because Defendant's Motions were untimely, any subsequent filing is null and void *ab initio*.  (*Id.* at 2–3).

The Court has the inherent power to control its docket, which includes the power to strike a document or a portion of a document. *Olagues v. Steinour*, 2018 WL 300377, at *1 (S.D. Ohio Jan. 4, 2018). Though motions to strike are "disfavored" when they "serve only to delay," courts may grant such motions when they "expedite" cases by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In particular, "courts have liberal discretion to strike inappropriate filings." *Sheets v. U.S. Bank, Nat'l Assoc.*, 2014 WL 5499382, at *2 (E.D. Mich. Oct. 30, 2014); *see also Jones v. Ahmed*, 2019 WL 1433853, at *1 (S.D. Ohio Mar. 31, 2019) (upholding the Magistrate Judge's decision to strike the plaintiff's second response in opposition to the defendant's motion for summary judgment because it was improperly filed).

Here, Plaintiff's arguments put forth in support of his Motion to Strike, which are in large part the same reasons he argues Defendant is in default, are rejected on the same basis as they were above.  Defendant, filing its Motions to Dismiss and Answer pursuant to court-ordered changes in default deadlines, was never in default.  Plaintiff's inability to accept this fact does not alter this Court's finding. Thus, his argument asserting that all of Defendant's filings are null and void

because it is in default fails for similar reasons. Accordingly, Plaintiff's Motion to Strike is **DENIED**.

### D. Motions to Remand

Plaintiff filed two Motions to Remand seemingly in response to Defendant's Motion to Dismiss the State Case (ECF No. 69). (ECF Nos. 72, 78). The first, referring to Plaintiff's other federal action 2:21-cv-4825, is **DENIED** as it appears this Motion was misfiled. (*See* ECF No. 72 at 1) ("Plaintiff filed a Complaint against Defendant Amazon.com Services, Inc., on August 23, 2021 in the Court of Common Pleas of Franklin County, Ohio."). Plaintiff's Second Motion to Remand (ECF No. 78) is, in essence, a longer version of the first. (Compare *id.* with ECF No. 72). The object of this Second Motion, though it indirectly references this lawsuit (21-cv-00003), asks this Court to remand case 2:21-cv-4825. (*See* ECF No. 78 at 1, 3) ("Plaintiff filed a Complaint against Defendant Amazon.com Services, Inc., on August 23, 2021 in the Court of Common Pleas of Franklin County, Ohio."); (*See* 2:21-cv-4825 ECF No. 4, Complaint) (filed on August 23, 2021 in state court). Accordingly, these Motions are **DENIED**.

### E. Motion for Default Judgment

Plaintiff again seeks Default Judgment. (ECF No. 75); (Compare ECF No. 75 with ECF No. 25). As the Court has already considered and rejected Plaintiff's argument on this issue, it declines to reconsider under the law of the case doctrine. *See Desai*, 541 F. Supp. 3d at 823 (citing 18 Moore's Federal Practice § 134.21[1] (2021)). Accordingly, this Motion is **DENIED**.

### F. Motion for Leave to Appeal in forma pauperis

Finally, Plaintiff filed a Motion for Leave to Appeal in forma pauperis ("IFP"). (ECF No. 85). After this Court adopted the Magistrate Judge's Report and Recommendation concerning Defendant's award of attorney fees following Plaintiff's non-compliance with the Magistrate

22

Judge's Order (ECF No. 83, Opinion and Order), Plaintiff filed a Notice of Appeal. (ECF No. 84). On July 11, 2022, the Sixth Circuit dismissed Plaintiff's appeal for lack of jurisdiction, holding that "the order appealed is neither an appealable collateral order nor injunctive in nature." (ECF No. 96, *Asamoah v. Amazon.com Services, LLC*, Case No. 22-3328 at 3). Because this appeal has already been dismissed, Plaintiff's request to file IFP is **DENIED AS MOOT**.

## IV. CONCLUSION

For the reasons more fully stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 68); and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss (ECF No. 69). Plaintiff's initial case 2:20-cv-3305 is **DISMISSED WITH PREJUDICE** but will remain open for Defendant's Motion to seek Attorney Fees. Plaintiff's state law claims for disability discrimination, retaliation, intentional infliction of emotional distress, in case number 2:21-cv-00003 are **DISMISSED WITHOUT PREJUDICE.** Plaintiff's state law claims concerning discrimination based on race, ancestry, and/or national origin survive Defendant's Motion to Dismiss (ECF No. 69). The Court **DENIES** Plaintiff's Motions to Remand (ECF Nos. 72, 78), for Default Judgment (ECF No. 75), and to Strike (ECF No. 76). Finally, the Court **DENIES AS MOOT** the following: Defendant's Motions for Sanctions (ECF No. 87); Plaintiff's Motions for Leave to Appeal in forma pauperis (ECF No. 85), to Disqualify Counsel (ECF No. 90), for Sanctions (ECF No. 91), to Disqualify Counsel (ECF No. 92), to add exhibits (ECF No. 94), and to Disqualify Law Firm (ECF No. 95).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 12, 2022**