IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ASAMOAH, | : | |
| | : | |
| Plaintiff, | : | Case Nos. 2:20-cv-03305 |
| | : | 2:21-cv-00003 |
| v. | : | |
| | : | Chief Judge Algenon L. Marbley |
| AMAZON.COM SERVICES, INC.,[1] | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant's Motion to Recoup Costs and Attorneys' Fees (ECF No. 102). For the reasons set forth below, Defendant's Motion **is DENIED**.

**I.     BACKGROUND**

This matter arises out of Plaintiff Michael Asamoah's allegations of employment discrimination against Defendant Amazon.com Services ("Amazon"), based on events from his employment at Amazon between December 2018 and March 2019. (*See generally* Compl., ECF No. 1). The Court consolidated Case Nos. 2:20-cv-03305 and 2:21-cv-00003, both of which involve allegations by Plaintiff of employment discrimination against Amazon. (*See* Order, ECF No. 66). On September 12, 2022, this Court dismissed with prejudice Plaintiff's initial case, Case No. 2:20-cv-03305, but left the case open for Defendant to seek attorneys' fees, and dismissed all but the state law claims in Case No. 2:21-cv-00003. (*See* Op. & Order at 23, ECF No. 100).

Defendant Amazon now moves to recoup its costs and attorneys' fees associated with the filing of its Motion to Dismiss (ECF No 68-1) in Case No. 20-cv-03305, pursuant to Rule 37.[2]

---

[1] Defendant maintains that its legal name is Amazon.com Services LLC, not Amazon.com Services, Inc.
[2] The Court previously granted in part and denied in part Defendant's Motion to Recoup Costs and Attorneys' Fees, with respect to Defendant's Motion to Compel (ECF No. 57). (*See* Op. & Order, ECF No. 60).

1

(*See* Def.'s Mem. in Supp., ECF No. 103). Amazon asks for a fee award of $15,377.93. Plaintiff has not responded in opposition to Defendant's motion. This matter is now ripe for review.

## II. STANDARD OF REVIEW

Rule 37 provides district courts with not only the power to dismiss a lawsuit if a party "fails to obey an order to provide or permit discovery," but also to impose sanctions for such failure. Fed. R. Civ. P. 37(b)(2)(A). Thus, the Court "must order a disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey a court order. Fed. R. Civ. P. 37(b)(2)(C). While Rule 37(b)(2)(C) uses mandatory language ("must") with respect to monetary sanctions, the Court nevertheless retains the discretion not to impose such sanctions if it determines that "the failure [to comply] was substantially justified or other circumstances make an award of expenses unjust." *Id.* Ultimately, the adverse consequences of subverting the discovery process, as set forth in Rule 37, are intended to "accomplish[] the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

## III. LAW & ANALYSIS

As an initial matter, there is little doubt in this case that Plaintiff has "fail[ed] to obey an order [of the Court] to provide or permit discovery" within the meaning of Rule 37. In its September 12, 2022, Opinion and Order, the Court noted that "the very nature of this Motion to Dismiss suggests that [Plaintiff's] failure [to participate in the discovery process] was not substantially justified." (Op. & Order at 11, ECF No. 100). After all, not only had Plaintiff missed discovery deadlines, but he also had "not produced 'a single discovery document or response.'" (*Id.* at 9) (quoting Mot. to Dismiss at 1, ECF No. 68-1). Moreover, Plaintiff did not provide these documents even after the Court granted Defendant's motion to compel, ordering him to serve his

2

initial disclosures and responses by June 4, 2021, with an attendant warning that failure to do so could result in sanctions. (*See* Order, ECF No. 56). It is these repeated failures that Amazon now leans on in support of its motion for attorneys' fees.

In dismissing the action, the Court refrained from imposing monetary sanctions under Rule 37 at that time because "the parties ha[d] not addressed whether 'other circumstances make an award of expenses unjust'" and, accordingly, gave the parties an opportunity to do so. (*Id.* at 11) (quoting Fed. R. Civ. P. 37(b)(2)(C)). The parties have now had that opportunity, but Plaintiff has not provided any reasons suggesting that his failure to participate in discovery was justified; in fact, he has not filed any response to Defendant's motion at all. (*See generally* ECF, No. 2:20-cv-03305).

Nevertheless, the Court finds that the award of attorneys' fees, as a further sanction in addition to the dismissal of Plaintiff's actions, is not warranted under Rule 37. While it is true that Plaintiff has engaged in dilatory conduct, by failing to participate in discovery, dismissal of the action was sufficient to address that conduct; after all, dismissal with prejudice of a litigant's claim is a punishment in its own right. *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (noting the punitive nature of a dismissal for failure to prosecute). The imposition of monetary sanctions does not provide a meaningful degree of extra punitive or deterrent benefit, especially where a litigant is *pro se*.[3] Sanctions do little to incentive either this litigant or other *pro se* litigants to adhere to every intricacy of proceeding in a federal court (or deter them from not following all the intricacies)—nuances and procedures that, without the benefit of legal education and experience,

---

[3] Amazon notes that Plaintiff has represented that he is an attorney. (*See, e.g.*, Mem. in Supp. at 6, ECF No. 103; Declaration of Andrew J. Barber ("Barber Decl.") ¶ 3, ECF No. 52-4). But just because Plaintiff says that he is an attorney licensed to practice law in the state of Ohio does not make it true. *See* Attorney Directory Search, SUPREME CT. OF OHIO ATT'Y DIRECTORY, https://www.supremecourt.ohio.gov/attorneysearch/#/search (last visited Apr. 7, 2023).

3

are difficult to understand or know. Moreover, Plaintiff has not only filed this case without the assistance of counsel, but has also sought to proceed *in forma pauperis*,[4] further militating the conclusion that sanctions would be unjust and likely futile. *See, e.g.*, *Sullivan v. Martin Sprocket & Gear, Inc.*, No. 1:08-cv-02324, 2009 WL 10670644, at *2 (N.D. Ga. Apr. 3, 2009). Accordingly, the Court finds that Rule 37 sanctions in the form of attorneys' fees and costs would be unjust in this case, and thus not warranted.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Recoup Costs and Attorneys' Fees (ECF No. 102) is **DENIED**.

**IT IS SO ORDERED.**

                                                          **ALGENON L. MARBLEY**
                                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 9, 2023**

---

[4] Plaintiff's Motion for Leave to File *In Forma Pauperis* (ECF No. 85) was denied as moot. (*See* Op. & Order, ECF No. 100).